# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| DERRICK BALDWIN,<br>Petitioner, | Case No. 1:17-cv-686 |
| | Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| WARDEN, MADISON CORRECTIONAL INSTITUTION,<br>Respondent. | **REPORT AND RECOMMENDATION** |

Petitioner, an inmate currently incarcerated at the Madison Correctional Institution in London, Ohio, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). In the petition, petitioner requests the Court to designate his current place of confinement as the place of federal confinement for a consecutive federal sentence that he will begin serving after completing his state sentence. (*See id.*, at PageID 8). This matter is before the Court on respondent's motion to dismiss (Doc. 8), to which petitioner has not responded.

## I. Procedural Background

### A. State Proceedings

In 2002, petitioner was convicted by a Hamilton County, Ohio, jury of two counts of aggravated robbery with an accompanying firearm specification and two counts of robbery. (Doc. 7, Ex. 2, at PageID 26-27). He was sentenced to serve an aggregate term of seventeen years of imprisonment in the Ohio Department of Corrections. (*Id.*). The trial court's judgment was affirmed on direct appeal (*id.*, Ex. 3, at PageID 28-33), and petitioner did not seek further review in the Ohio Supreme Court (*see id.*, Ex. 4, at PageID 34). Petitioner's subsequent attempt to obtain state post-conviction relief was unsuccessful. (*See id.*, at PageID 34-36). Petitioner also sought habeas corpus relief under 28 U.S.C. § 2254 in this Court, which was denied in 2009. *Baldwin v. Warden*, No. 07-cv-1018 (S.D. Ohio Apr. 15, 2009) (Docs. 16, 17).

### B. Federal Proceedings

In 2003, petitioner pleaded guilty in this Court to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). *United States v. Baldwin*, 1:02-cr-154 (S.D. Ohio Apr. 16, 2003) (Doc. 14). He was sentenced to serve thirty-three months of imprisonment to be served consecutively to the sentence imposed by the state court. *Id.* (Doc. 20). Petitioner did not appeal.

In 2006, petitioner filed in his federal criminal case a "Motion for Court Order Designating Lebanon Correctional Institution as His Federal Place of Confinement." *Baldwin*, No. 1:17-cv-686 (Doc. 7, Ex. 7, at PageID 47). He subsequently filed a "Motion to Amendment [sic] Motion to Petition for Habeas Corpus Relief pursuant to Rule 15(A), Fed.R.Civ.Pro. & 28 U.S.C. § 2241," seeking leave to amend his motion to designate to a petition for 28 U.S.C. § 2241 habeas corpus relief. *Id.* (Doc. 7, Ex. 9, at PageID 57). Finding that petitioner had failed to exhaust his administrative remedies and that the Court lacked jurisdiction to designate petitioner's federal place of confinement because said power rested solely in the Bureau of Prisons, the Court denied petitioner relief. *Id.* (Doc. 7, Ex. 10, at PageID 61-62). Petitioner did not appeal.

In April 2017, petitioner filed another motion to designate, this time seeking to designate the Madison Correctional Institution as his federal place of confinement. *Id.* (Doc. 7, Ex. 11, at PageID 63-64). The Court again denied the motion, reiterating that "it is not the Court, but the Bureau of Prisons, that is responsible for designation decisions, pursuant to 18 U.S.C. § 3621(b)." *Baldwin*, No. 1:02-cr-154 (May 24, 2017 Notation Order).

### II. Current Habeas Petition

In the instant petition, petitioner raises the following two grounds:

**Ground One**: U.S. Bureau of Prisons violated my absolute right to procedural due

> process by not giving me notice that it received my request and the opportunity to be heard concerning such request[.]
>
> **Supporting Facts**: Although the bureau of prisons [sic] rules mandate that the agency be fair it accordingly denied me my absolute right to procedural due process by refusing to acknowledge the request and make a response thereto[.]
>
> **Ground Two:** The U.S. Attorney violated my absolute right to Procedural Due Process in not giving me notice that he received my request and the opportunity to be heard concerning such request.
>
> **Supporting facts:** Although it is discretionary as to whether or not the U.S. Attorney would grant me relief it was a denial of my absolute right for procedural due process not to give me a response[.]

*Baldwin*, No. 1:17-cv-686 (Doc. 1, at PageID 6-7). For relief, petitioner again requests the Court "to designate Madison Correctional Institution as [his] federal place of confinement" for service of his federal sentence in Case No. 1:02-cr-154. *Id.* (Doc. 1, at PageID 8).

Respondent contends that dismissal of the petition is warranted because: (1) petitioner's claim is not properly brought in a § 2241 petition; (2) the Court has previously determined that it lacks jurisdiction to grant petitioner's request for relief; and (3) the petition constitutes a second or successive challenge to petitioner's state-court judgment. *Id.* (Doc. 8, at PageID 70-71).

The undersigned is not persuaded by respondent's first and third grounds for dismissal. The United States Court of Appeals for the Sixth Circuit has stated that a habeas petition under § 2241 is the proper remedy for a challenge to the execution or manner in which a sentence is served. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Execution of a sentence includes challenges to the place of imprisonment. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 2001). The undersigned therefore finds that petitioner is entitled to raise his claims in a § 2241 habeas petition. Further, because petitioner is not challenging his underlying state-court conviction or sentence, the undersigned finds that this action is not a second or successive

challenge to petitioner's state-court judgment within the meaning of 28 U.S.C. § 2244.[1]

However, the undersigned agrees with respondent that dismissal of the petition is warranted for the reasons stated in respondent's second ground for dismissal. The Court has twice previously stated that it lacks jurisdiction to designate petitioner's federal place of confinement. Under 18 U.S.C. § 3621(b), the Bureau of Prisons has the sole discretionary authority to designate an inmate's federal place of imprisonment. *See also Jalili*, 925 F.2d at 892 ("Section 3621(b) gives the Bureau of Prisons the power to designate the place of confinement"). Because the Court lacks jurisdiction to designate petitioner's federal place of confinement, and thus to grant petitioner the relief he seeks, petitioner's § 2241 petition should be dismissed.

Accordingly, in sum, the motion to dismiss (Doc. 8) should be **GRANTED** and the petition for a writ of habeas corpus (Doc. 1) should be **DISMISSED** with prejudice.

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 8) be **GRANTED** and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which have been addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*,

---

[1] To the extent that this petition is considered to be a second or successive § 2241 petition, based on petitioner's previous filings in his federal criminal case, habeas petitions filed pursuant to § 2241 are "not subject to the general rule against second or successive motions." *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016).

the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO RECOMMENDED.**

Date: 8/6/18

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DERRICK BALDWIN,
Petitioner,

Case No. 1:17-cv-686

Barrett, J.
Litkovitz, M.J.

vs.

WARDEN, MADISON CORRECTIONAL
INSTITUTION,
Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).